KATHLEEN G. CULLY PLLC
Kathleen G. Cully
180 Cabrini Boulevard, #128
New York, NY 10033
(212) 447-9882
*Attorney for Debtor*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Presentment Date: July 10, 2015 |
| SOUTHERN DISTRICT OF NEW YORK | Presentment Time: 12:00 noon |

-------------------------------------------------------------------x
                                                                   :
*In re*                                                            :    Case No. 15-22517-RDD
    Stephanie N. Allen,                           :
           *Debtor.*    :    Chapter 7
                                                                   :
-------------------------------------------------------------------x

REPLY TO OBJECTIONS TO DEBTOR'S APPLICATION TO
AVOID A JUDICIAL LIEN TO THE EXTENT THAT IT IMPAIRS AN EXEMPTION
PURSUANT TO SECTION 522(F) OF THE UNITED STATES BANKRUPTCY CODE

    Stephanie N. Allen, the debtor in this case (the "**Debtor**"), by and through her attorney, Kathleen G. Cully PLLC, as and for her reply to objections filed by Richard M. Allen and Brian Allen to her application (the "**Application**"), filed on June 19, 2015, ECF No. 20, to avoid a judicial lien to the extent that it impairs an exemption pursuant to Section 522(f) of Title 11 of the United States Code (the "**Bankruptcy Code**") respectfully represents that:

    1.    On July 6, 2015 creditor Richard M. Allen (the "**Creditor**") filed two versions of a combined objection to the Application, objection to exemptions and motion to dismiss for abuse under Section 707(b); he filed a corrected version on July 7, 2015, ECF No. 25. This reply addresses the corrected and presumably final version filed on July 7 and is limited to the Creditor's objections ("**Creditor's Objections**") to the Application and to her exemptions; the Debtor will respond separately to his motion to dismiss.

2.      On July 7, 2015 co-debtor Brian E Allen (the "**Co-Debtor**") filed his objection ("**Co-Debtor's Objection**"; together with Creditor's Objections, the "**Objections**") to the Application. ECF No. 26. (Although the Co-Debtor asserts that he is a creditor, he has provided no evidence of any claim against the Debtor, and Debtor is aware of none.)

3.      Neither Objection sets forth any factual basis for their claims. Consequently, both should be disregarded.

4.      Both Objections allege that the Debtor is not entitled to the exemptions she claimed but fail to provide any support for these allegations.

5.      Moreover, the Debtor is clearly entitled to her homestead exemption of $165,550. She and the Co-Debtor received a deed to the property (the "**Property**") at 10 Nichols Avenue, Hastings-on-Hudson, New York that was recorded on December 6, 2010 (a copy of the related Land Record Details, available at http://wro.westchesterclerk.com/landsearch.aspx (last visited July 8, 2015), is attached as Exhibit A). On June 10, 2013, the Co-Debtor transferred his interest in the Property to the Debtor (a copy of the related deed is attached as Exhibit B). It is undisputed that the Debtor resides at the Property. She is therefore entitled to the claimed homestead exemption. *See* N.Y. C.P.L.R. §§ 5206 & 5253 (2014); Notice of N.Y. Dep't of Fin. Svcs., http://www.dfs.ny.gov/legal/legal_notices.htm (last visited June 16, 2015).

6.      Both Objections also allege, again without support, that the Debtor has failed to disclose or fraudulently transferred significant assets, entered false information in her petition and schedules and does not meet the means test of Chapter 7 of the Bankruptcy Code. In addition the Creditor claims that his request to conduct a Rule 2004 examination of the Debtor renders the Application premature

because he believes that examination will result in significant changes to the Debtor's financial disclosures. As those allegations are not only unsupported and merely speculative but irrelevant to the Application, which merely invokes the Debtor's statutory right pursuant to Section 522(f) of the Bankruptcy Code to reduce a judicial lien to the extent it impairs an exemption under Section 522(b) of the Bankruptcy Code, they should be disregarded for purposes of the Application.

7. The Creditor also claims, yet again without support, that the Debtor has "misstated and inaccurately described" his claims and the amounts. The Debtor provided copies of both the Creditor's judgment and the related sheriff's execution as Exhibits A and B to the Application. The Creditor has not stated any basis whatsoever for either disputing the judgment or execution or asserting any other claim.

8. Finally, the Co-Debtor acknowledges that he is an attorney. The Creditor is also an attorney; indeed, he is a retired partner of Cravath, Swaine & Moore LLP specializing in complex financings. Attached as Exhibit C are copies of the Creditor's current attorney registration, available at http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=5379877 (last visited July 8, 2015), and his biography as shown on the website of Cravath, Swaine & Moore, available at http://www.cravath.com/rallen/ (last visited July 8, 2015). There is consequently no excuse for their disregard of basic standards for pleadings under the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests that the Court:

1. Disregard in their entirety the Objections to the Application;

2. Avoid Allen's judicial lien to the extent it impairs her exemption of $165,550 in the Property;

    3.    Award her attorney's fees and costs; and

    4.    Grant such other and further relief as the Court may deem just and proper.

Dated:    July 8, 2015  
            New York, New York

KATHLEEN G. CULLY PLLC

  /s/ Kathleen G. Cully  
By:    Kathleen G. Cully, Principal  
*Attorney for Debtor*  
180 Cabrini Boulevard, #128  
New York, NY 10033  
Telephone (212) 447-9882  
Fax (800) 979-0423

# EXHIBIT A

## Land Record Details

| Control #: | 501523114 | Recording Date: | 2010/12/06 | Liber: | n/a |
|---|---|---|---|---|---|
| Document class: | Conveyance Papers | Document Type: | Deed | Page: | n/a |

**Transaction Parties**

| Last/Corp Name | First Name | Party |
|---|---|---|
| Ries | Jennifer R | First Party - Individual |
| Allen | Brian E | Second Party - Individual |
| Allen | Stephanie N | Second Party - Individual |

**Transaction Towns**
Greenburgh

# EXHIBIT B

THIS IS A LEGAL INSTRUMENT AND SHOULD BE EXECUTED UNDER SUPERVISION OF AN ATTORNEY.

**THIS INDENTURE,** made the 10th day of June, 2013

**BETWEEN**

BRIAN E ALLEN and STEPHANIE N ALLEN, 10 Nichols Drive, Hastings-on-Hudson, NY 10706

party of the first part, and

STEPHANIE N ALLEN, 10 Nichols Drive, Hastings-on-Hudson, NY 10706

party of the second part:

**WITNESSETH,** that the party of the first part, in consideration of 10 (Ten) dollars, paid by the party of the second part does hereby remise, release and quitclaim unto the party of the second part, the heirs or successors and assigns of the party of the second part, forever,

**ALL**

that certain plot, piece or parcel of land, together with the buildings and improvements thereon erected, situate, lying and being in the Village of Hastings-on-Hudson, Town of Greenburgh, County of Westchester, State of New York, showing on the Official Tax Map thereof as Tax Designation 4.110-104-15, and known as 10 Nichols Drive, Hastings-on-Hudson, Town of Greenburgh, State of New York, 10706, a complete property description of which is attached hereto as Schedule A, which is made a part hereof.

**TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises.
**TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns forever. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
This deed is subject to the trust provisions of Section 13 of the Lien Law.
**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

............................................................L.S.
Brian E Allen

............................................................L.S.
Stephanie N Allen

**State of New York, County of** westchester    ss.:    ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)

On Sept 3, 2013 before me, the undersigned, personally appeared Brian E Allen personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ROGER ROBLES
Notary Public - State of New York
NO. 01RO6246742
Qualified in Westchester County
My Commission Expires 8/15/15

(Signature and office of individual taking acknowledgment)

ACKNOWLEDGEMENT IN NEW YORK STATE (RPL 309-a)

State of New York, County of Westchester ss.:
On Sept 3, 2013 before me, the undersigned, personally appeared Stephanie N Allen personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

(signature and office of individual taking acknowledgement)

ROGER ROBLES,
NOTARY PUBLIC

ACKNOWLEDGEMENT OUTSIDE NEW YORK STATE (RPL 309-b)

~~State of _____ County of _____ ss.:
On _____ before me, the undersigned, personally appeared _____
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.~~

(signature and office of individual taking acknowledgement)

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS(ES)

State of _____
County of _____ ss.:

On _____ before me, the undersigned, personally appeared _____
the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (if the place of residence is in a city include the street and street number, if any, thereof);

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.

(signature and office of individual taking acknowledgement)

ROGER ROBLES
Notary Public - State of New York
NO. 01RO6246742
Qualified in Westchester County
My Commission Expires 8/15/15

**Deed**
QUITCLAIM

BRIAN E ALLEN and STEPHANIE N ALLEN

TO

STEPHANIE N ALLEN

Dated, June 10, 2013

STATE OF NEW YORK
County of Westchester ss.

RECORDED ON THE
_____ day of _____
at _____ o'clock _____ M.
in Liber _____ of Deeds
at Page _____ and examined
_____ CLERK

PLEASE RECORD AND RETURN TO:
STEPHANIE N ALLEN
10 Nichols Drive
Hastings-on-Hudson, NY 10706

# SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Village of Hastings-on-Hudson, Town of Greenburgh, County of Westchester and State of New York comprising Lots 195, 196 and 201 and part of Lots 194, 200, 202, 203 and 204 in Section No. 4 as shown on a certain map entitled "Final Map of Hudson Heights, Hastings-on-Hudson, Westchester County, N.Y." filed September 28, 1916 in the Office of the County of the Clerk of Westchester County, New York, Division of Land Records as Map No. 2139; said parcel being more particularly described as follows:

BEGINNING at a point in the northeasterly line of Nichols Driveway distant 297.94 feet southeasterly as measured along the same from the easterly side of Rosedale Avenue;

RUNNING THENCE North 30 degrees 19 minutes 30 seconds East 84.04 feet through Lot 194 to a point in the southwesterly boundary of Lot 204;

THENCE South 71 degrees 21 minutes 10 seconds East 61.80 feet through Lots 204, 203 and 202 to a point in the westerly boundary of Lot 201;

THENCE North 33 degrees 10 minutes 50 seconds East 60.00 feet along the dividing line between Lots 201 and 202 to a point in the westerly boundary of Lot 208;

THENCE South 27 degrees 09 minutes 50 seconds East 83.12 feet along said Lot 208 and aforementioned Lots 201 and 200 to a point;

THENCE South 51 degrees 15 minutes 20 seconds West 95.29 feet and South 60 degrees 43 minutes 40 seconds West 30.38 feet through Lot 200 to the northeasterly line of Nichols Driveway;

THENCE northwesterly along the northeasterly line of Nichols Driveway on a curve to the left having a radius of 104.32 feet a distance of 42.78 feet to the point or tangency;

THENCE still along said line of Nichols Driveway North 63 degrees 15 minutes West 42.22 feet to the point or place of BEGINNING.

The within described premises are known as Sheet 27, Block 685, Lot 89 to 92, 93A, on the Tax Assessment Map.

FOR CONVEYANCING ONLY

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

# EXHIBIT C

# New York State Unified Court System



Attorney Search

Attorney Registration

Registered In-House Counsel Search

In-House Counsel Registration

Resources

E-Courts

Contact Us

COURTS

LITIGANTS

ATTORNEYS

JURORS

JUDGES

CAREERS

SEARCH

## *Attorney Detail*

as of 07/08/2015

| | |
|---|---|
| **Registration Number:** | 1475128 |
| | **RICHARD M. ALLEN** |
| | 45 2ND ST |
| | GREAT BARRINGTON, MA 01230-9037 |
| | United States |
| | (413) 528-2108 |
| **E-mail Address:** | RMALLENCSM@GMAIL.COM |
| **Year Admitted in NY:** | 1967 |
| **Appellate Division Department of Admission:** | 1 |
| **Law School:** | DUKE UNIV DURHAM N.C. 27701 |
| **Registration Status:** | Currently registered |
| **Next Registration:** | Sep 2016 |
| **Disciplinary History:** | No record of public discipline |

[Search Again]

The Detail Report above contains information that has been provided by the attorney listed, with the exception of REGISTRATION STATUS, which is generated from the OCA database. Every effort is made to insure the information in the database is accurate and up-to-date.

The good standing of an attorney and/or any information regarding disciplinary actions must be confirmed with the appropriate Appellate Division Department. Information on how to contact the Appellate Divisions of the Supreme Court in New York is available at www.nycourts.gov/courts.

If the name of the attorney you are searching for does not appear, please try again with a different spelling. In addition, please be advised that attorneys listed in this database are listed by the name that corresponds to their name in the Appellate Division Admissions file. There are attorneys who currently use a name that differs from the name under which they were admitted. If you need additional information, please contact the NYS Office of Court Administration, Attorney Registration Unit at 212-428-2800.

www.NYCOURTS.gov

CRAVATH, SWAINE & MOORE LLP

# Richard M. Allen
*Retired Partner*, *Corporate*

Richard M. Allen retired from Cravath's Corporate Department in 1997. Mr. Allen specialized in structuring and implementing large and complex project and lease financings, often involving multiple U.S. and offshore parties and multiple levels of debt and equity investments. At the peak of his career, he was generally recognized as the pre-eminent lawyer in the world in his field. His clients included almost all the major financial institutions that invested in such financings, including GE Capital (for whom he was the primary outside counsel), Ford Motor Credit, Chrysler Capital, Bank of America, JPMorgan Chase and its predecessors, and many others.

Mr. Allen opened and ran the Cravath Hong Kong office, the Firm's presence in Asia, from 1994 to 1998.

Mr. Allen is an honorary life member of the Duke University Law School Board of Visitors and an emeritus member of the American College of Investment Counsel. He was a co-founder of Environmental Advocates, which he has served as president, chairman and chairman emeritus, and from whom he received its lifetime achievement award. Now living in western Massachusetts, he founded and is president of the

**Contact**
rallen@cravath.com
**T:** +1 (212) 474-1305
**F:** +1 (212) 474-3700

**Education**
**LL.B.** Duke Law School, 1966, *Order of the Coif*

**B.A.** Purdue University, 1963

**Professional Affiliations**
American College of Investment Counsel
- Emeritus Member

Duke University Law School
- Honorary Life Member, Board of Visitors

Professional Ski Instructors of America

**Organizations**
Environmental Advocates
- Chairman
- Chairman Emeritus
- President

French Park Fund
- President

Southwest Berkshire Housing Coalition
- President

**Professional Recognition**
Lifetime Achievement Award, Environmental Advocates

French Park Fund and the Southwest Berkshire Housing Coalition. A certified professional ski instructor, he continues to teach skiing.

Mr. Allen was born in Chicago, Illinois. He received a B.A. from Purdue University in 1963 and an LL.B. from Duke University School of Law in 1966, where he was elected to the Order of the Coif and was the Articles Editor of the Law Journal. He joined Cravath in 1966 and became a partner in 1975.

Mr. Allen may be reached by phone at +1-212-474-1305 or by email at rallen@cravath.com.